Wilson, Douglass & Co. v. Sherlock.

WILSON, DOUGLASS & Co. *versus* SHERLOCK.

*Res gestæ*, of which declarations may constitute a part, are such transactions only as the parties were connected with while the negotiation between them was incomplete.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

ASSUMPSIT, on account annexed for balance $212,00, due for 100 barrels of flour.

The plaintiffs, merchants of New York, on *December 3*, 1844, parted with one hundred barrels of flour, value, with truckage, &c., $424. It was delivered on the same day to one Casey, a resident of New York, by whom it was shipped to the defendant in Eastport.

Their sale book, (introduced at the trial, on notice to produce,) showed, that they charged the flour to the defendant, and that on *December 5*, they received one half the amount, $212,00. The evidence showed that that payment was made by hand of Casey.

The plaintiffs introduced evidence tending to show, that

Casey was the agent of the defendant in making the purchase.

In order to show, that the purchase was made of the plaintiffs by Casey, on his own account, and that the sale to the defendant was made by *Casey* and not by the plaintiffs, the defendant offered in evidence an account current made up and signed by Casey, on Dec. 5, 1844, between himself and the defendant, in which he charged the defendant under date of December 4, with half amount of bill of flour, $212, W., D. & Co. The genuineness of Casey's signature was proved.

The plaintiffs objected to the reception of the paper. But it was admitted, and went to the jury, and to its admission the plaintiff excepted. The verdict was for the defendant.

*D. T. Granger,* for the plaintiffs.

*B. Bradbury,* for the defendant.

The paper was admissible. It was made up on the same day, (5th December,) on which he paid half the bill to the plaintiffs, charging that he had made the sale to the defendant on the 4th.

It was a written statement made at the time of the transaction by Casey, whom the plaintiffs have made a participator in the transaction.

The stating this account and charging Sherlock one half the bill of flour was contemporaneous with the payment by Casey to Wilson, Douglass & Co., and tends to illustrate that fact, and was "so connected with it as to be regarded as the mere result and consequence of the coëxisting motives."

It was an act performed at the time of the transaction by Casey, through whom they claim to hold the defendant, and directly connected with the principal fact in the case, explaining the motives and intentions of the parties.

It was surely admissible then as part of the *res gestœ*.

But the paper was of no consequence in the cause, as the Court will perceive by examining it. It charges Sherlock with "one half bill of flour of W., D. & Co.," which half? Had Casey paid one half of the bill and charged it to him, or had

Sherlock furnished Casey with the money to pay one half and was the charge designed to cover the unpaid portion of the bill?

SHEPLEY, C. J. — If a sale was made by the plaintiffs to the defendant, it was made, and the flour was delivered on board of a vessel at New York, on December 3, 1844, and the transactions respecting the sale were then closed.

Testimony appears to have been introduced for the plaintiffs to prove, that Henry P. Casey, professing to act as agent for the defendant, gave directions respecting the sale. In an account made out on December 5, 1844, rendered to the defendant and subscribed by Casey, the defendant was charged under date of December 4, 1844, with half amount of bill of flour W. D. & Co., and upon proof of Casey's handwriting, it was received as testimony for the defendant, against the objection of the counsel for plaintiffs.

It is insisted, that it was part of the *res gestæ*, and as such legally admissible. That term can be properly applicable only to transactions, with which the plaintiffs were connected, while the negotiation, sale and delivery were incomplete. The plaintiffs do not appear to have been in any manner connected with the accounts between Casey and the defendant; nor does that account appear to have been made until after the business respecting the sale and delivery of the flour had been completed.

If that account be considered as a paper not connected with those transactions, it is only a declaration made by Casey in writing, without the sanction of an oath ; without the knowledge of the plaintiffs, and without any opportunity for an examination.

The rights of the plaintiffs could no more be affected by it, than by an oral declaration made by Casey in their absence.

It is alleged to have been unimportant, and that the plaintiffs without its introduction would have failed to obtain a verdict.

The Court cannot determine what effect it may have had

upon the minds of the jurors, to induce them to return a ver-dict for the defendant. It cannot be regarded as immaterial testimony. *Exceptions sustained, verdict set aside and new trial granted.*

RICE, HATHAWAY and APPLETON, J. J., concurred.